UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  5:25-cv-01542-MWC-SK | Date: September 8, 2025 |
| Title:  Anthony Lopez v. United Parcel Service *et al.* | |

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Order GRANTING Plaintiff's motion to remand (Dkt. 12) JS-6**

Before the Court is Plaintiff Anthony Lopez's ("Plaintiff") motion to remand the case to San Bernadino County Superior Court ("Motion").  Dkt. # 12 ("*Mot.*").  Defendants United Parcel Service ("UPS") and Matt Zalewski (collectively, "Defendants") opposed ("Opposition"), Dkt. # 13 ("*Opp.*"), and Plaintiff replied ("Reply"), Dkt. # 15 ("*Reply*").  The Court heard the Motion on September 5, 2025.  After considering the papers and the hearing, the Court **GRANTS** Plaintiff's Motion.

I.  Background

This case arises from UPS's termination of Plaintiff based on a finding that his urine sample tested positive for marijuana.  *See* Dkt. # 1-1 ("*Compl.*") ¶ 28.  Though Plaintiff admits that he used medical marijuana to treat pain associated with his disabilities, he contends that UPS's stated reason for termination was pretextual and that UPS was instead motivated to terminate him after he had notified Defendants three weeks earlier of his stage four kidney failure.  *Mot.* 3.  Plaintiff alleges that the termination and the events preceding it constituted disability discrimination.  *See generally Compl.*  He also alleges that Defendants forced him to work while clocked out, did not provide his uninterrupted meal and/or rest periods, and failed to pay his final wages.  *Compl.* ¶¶ 34–35.  Plaintiff brings claims under the California Fair Employment and Housing Act (FEHA) and related provisions for: (1) disability discrimination; (2) failure to reasonably accommodate; (3) failure to engage in the interactive process; (4) retaliation; (5) failure to take all reasonable steps to prevent and / or remedy discrimination and / or retaliation; (6) wrongful termination in violation of public policy; (7) unlawful medical inquiry; (8) violation of Cal. Labor Code § 432.6 and Cal. Gov. Code § 12953; (9) violation of Cal. Labor Code §§ 226.7 and 512; (10) violation of Cal. Labor Code §§ 201–203; (11) violation of Cal. Labor Code § 558.1; and (12) unfair business practices in violation of Cal. Bus. & Prof.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01542-MWC-SK                                                 Date: September 8, 2025

Title:      Anthony Lopez v. United Parcel Service *et al.*

Code §§ 17200 *et seq*.  Plaintiff brings the first eight claims against only UPS and brings claims nine through twelve against both UPS and Mr. Zalewski.

      Plaintiff filed his complaint ("Complaint") in San Bernadino County Superior Court on April 29, 2025.  *See Compl*.  Defendants filed a notice of removal on June 20, 2025.  *See* Dkt. # 1 ("*NOR*").  Defendants claim that removal is proper based on diversity of citizenship between the parties, arguing that Mr. Zalewski, a "Labor Relations Manager" for UPS,  is a "sham defendant" such that the Court can disregard his citizenship for purposes of subject matter jurisdiction.  *NOR* 4.  Defendants also contend that this Court has jurisdiction based on § 301 of the Labor Management Relations Act (LMRA) preempting Plaintiff's seventh, eighth, and ninth claims for relief.  *NOR* 9; *Opp.* 10.  Plaintiff filed his Motion on July 21, 2025, arguing that Mr. Zalewski is a proper defendant and that § 301 does not preempt any of his claims.  *See generally Mot.*

II.   Legal Standard

      "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").  A federal court should remand a case if at any time before final judgment it appears a removing court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).  Courts strictly construe the removal statute against removal jurisdiction.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

      Removal of an action may be based on either diversity or federal question jurisdiction.  *See City of Chi.*, 522 U.S. at 163.  Diversity jurisdiction under 28 U.S.C. § 1332 requires that (1) all plaintiffs be citizens of different states than all defendants ("complete diversity"), and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

      A person's state citizenship stems from her state of domicile, not just her state of residence.  *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen of the state where it is incorporated and the state that constitutes its principal place of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01542-MWC-SK                                         Date: September 8, 2025

Title:        Anthony Lopez v. United Parcel Service *et al.*

business. *See* 28 U.S.C. § 1332(c). When removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. *See Lopez v. So. Cal. Edison Co.*, No. 2:17-CV-06413-SVW-MRW, 2017 WL 4712189, at *1 (C.D. Cal. Oct. 18, 2017) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002)).

Federal question jurisdiction under 28 U.S.C. § 1331 is generally governed by the "well-pleaded complaint" rule, which allows for federal jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* The pleading or anticipation of a federal defense is not enough to justify removal to federal court. *Id.* at 392–93.

III.   Discussion

   A.   Fraudulent Joinder

Defendants first contend that Mr. Zalewski is a "sham defendant" such that Plaintiff's joinder of him is fraudulent. *Opp.* 4. "If a plaintiff fails to state a cause of action against a resident defendant . . . the joinder is fraudulent and 'the defendant's presence in the lawsuit is ignored for purposes of determining diversity.'" *United Comp. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). "Thus, while a showing of actual fraud would be sufficient to invoke the doctrine, the term 'fraudulent joinder' is somewhat of a 'misnomer,' since in most cases the focus will be on whether the plaintiff can 'state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction.'" *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting 13 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3641.1 (3d ed.)).

There is a general presumption against fraudulent joinder, *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), and the party invoking fraudulent joinder bears a "heavy burden," *Weeping Hollow*, 831 F.3d at 1113. When it is a close question, the Court resolves doubt in favor of the state court retaining jurisdiction. *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). "In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is questioned." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (emphasis in original) (cleaned up). Defendants must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01542-MWC-SK                                    Date: September 8, 2025

Title:     Anthony Lopez v. United Parcel Service *et al.*

show that the relevant state law is so settled that leave to amend the Complaint would not cure the purported deficiency.  *Id.* (citation omitted).

On the question of fraudulent joinder, Defendants have failed to carry their burden.  Plaintiff bring claims nine through twelve against Mr. Zalewski.  *See generally Compl.*  Because Plaintiff need only maintain one claim against Mr. Zalewski to destroy complete diversity (thus counseling in favor of remand), the Court will analyze Defendants' contentions only until it determines that joinder is not fraudulent as to at least one of Plaintiff's claims.

Plaintiff brings a claim against Mr. Zalewski under Cal. Labor Code § 226.7 (for violation of Plaintiff's meal and rest periods) and § 558 (for unpaid wages).  Cal. Labor Code § 558.1 provides in part:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
>
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer . . . .

Plaintiff does not argue that Mr. Zalewski is an owner, director, or officer of UPS, but a "managing agent." *Mot.* 8; *Opp.* 6.

The mere ability to hire and fire employees does not render a supervisory employee a managing agent.  *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 566 (1999).  "Instead . . . the Legislature intended the term 'managing agent' to include only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy."  *Id.* at 566–67.  The determination as to whether someone is a managing agent is fact-intensive.  *Usher v. White*, 64 Cal. App. 5th 883, 897 (2021).  "But the determination of whether certain employees are managing agents does not necessarily hinge on their 'level' in the corporate hierarchy.  Rather, the critical inquiry is the degree of discretion the employees possess in making decisions . . . ."  *King v. U.S. Bank Nat'l Ass'n*, 53 Cal. App. 5th 675, 713 (2020) (quoting *Powerhouse Motorsports Grp., Inc. v. Yamaha Motor Corp., U.S.A.*, 221 Cal. App. 4th 867, 886 (2013)).

Here, Mr. Zalewski provides that he had a variety of responsibilities.  As a "Labor Relations Manager," he "act[s] as a liaison between Union Officials, shop stewards and UPS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01542-MWC-SK                                        Date: September 8, 2025

Title:   Anthony Lopez v. United Parcel Service *et al.*

management and staff." Dkt. # 13-1 ("*Zalewski Decl.*") ¶ 2. He "train[s] and assist[s] the district management team and staff with regard to various collective bargaining agreements [CBAs], and applicable state, local and employment laws and regulations." *Id.* ¶ 4. He also "represent[s] UPS in disciplinary, grievance, panel and arbitration hearings [to ensure] consistent application of the labor agreements." *Id.* Mr. Zalewski avers that he lacks the authority to amend the collective bargaining agreements that "set the company-wide corporate policies for UPS," *id.* ¶ 5, and that he is not involved in managing employees day-to-day, *id.* ¶ 6. He also denies having any control over UPS payroll systems. *Id.* ¶ 7.

Plaintiff's account of Mr. Zalewski's role differs meaningfully. Plaintiff contends that Mr. Zalewski was his direct manager and frequently forced him to perform hours of consecutive work without breaks. *Compl.* ¶ 34. In addition to his own experience, Plaintiff offers a job posting for a "Labor Relations Manager" in another UPS district, which corroborates much of Mr. Zalewski's declaration, while also noting that the position "collaborates with Business Agents and management to implement best practice initiatives for developing cooperative communications and work processes" and "audits [collective bargaining agreement] issues" like "9/5 compliance, attendance, overtime, etc." Dkt. # 12-1 ("*Walker Decl.*"), Ex. C.

It is at least plausible that Mr. Zalewski is a managing agent, meaning that Defendants have failed to carry their burden to support removal. Mr. Zalewski's admission that he "train[s] and assist[s] the district management team and staff with regard to various collective bargaining agreements, and applicable state, local and employment laws and regulations," *Zalewski Decl.* ¶ 4, and "represent[s] UPS in disciplinary, grievance, panel and arbitration hearings [to ensure] consistent application of the labor agreements," *id.*, resembles the job description at issue in *Davis v. Kiewit Pac. Co.*, 220 Cal. App. 4th 358 (2013). There, the individual's responsibilities included:

> The administration and coordination of the Affirmative Action Program, the investigation of any complaint of discrimination and the implementation of any necessary corrective action, the dissemination of the EEO Policy and Affirmative Action Program, the periodic review of [the company's] employment records and practices to assure that [the company's] Affirmative Action Program and EEO Policy [are] being administered on a nondiscriminatory basis and the initiation, as necessary, of changes to the Affirmative Action Program and/or [company] employment policies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  5:25-cv-01542-MWC-SK                                                  Date: September 8, 2025

Title:      Anthony Lopez v. United Parcel Service *et al.*

*Id.* at 373. The court in *Davis* determined that the individual at issue "exercised his authority and discretion to not enforce [the company's] policy against retaliation . . . and, in so doing, exercised authority that resulted in the ad hoc formulation of corporate policy." *Id.* Similarly, it is possible that Plaintiff could make out a claim that Mr. Zalewski's work "resulted in the ad hoc formulation of corporate policy" based on his role training the management team with respect to collective bargaining agreements and employment laws and his work "ensuring consistent application of the labor agreements." Zalewski Decl. ¶ 4; *see also Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 823 (1979) ("An employee exercising authority that results in the ad hoc formulation of policy is a managing agent.").

*Davis* is far from the only case resembling this one. In *King v. U.S. Bank National Association*, the court highlighted that certain corporate investigators—whom the court ultimately determined could qualify as managing agents—"were given discretion and judgment" in performing their investigations. 53 Cal. App. 5th at 713. It is plausible that Plaintiff could make the same showing with respect to Mr. Zalewski's discretion, given that his role potentially included "collaborat[ing] with Business Agents and management to implement best practice initiatives for developing cooperative communications and work processes" and "audit[ing] [collective bargaining agreement] issues" like "9/5 compliance, attendance, overtime." *See* Walker Decl., Ex. C. To be sure, Mr. Zalewski contends that he lacks the authority to amend the collective bargaining agreements that "set the company-wide corporate policies for UPS," Zalewski Decl. ¶ 5, but "a denial, even a sworn denial, of allegations does not prove their falsity," *Grancare LLC v. Thrower by and through Mills*, 889 F.3d 543, 551 (9th Cir. 2018).

Plaintiff's bar on this issue is not a high. In fact, two different cases in this district reached the conclusion that even though plaintiffs' conclusory allegations that defendants were managing agents would not survive a Rule 12(b)(6) motion to dismiss, the allegations were still sufficient to justify remand. *See Gonzalez v. Sheraton Operating Corp.*, No. CV-20-8785-DSF-AGRx, 2020 WL 7042817, at *2 (C.D. Cal. Dec. 1, 2020); *Garcia v. Reflection Window Co., LLC*, No. 2:21-CV-03681-MCS-PD, 2021 WL 4353256, at *2 (C.D. Cal. May 28, 2021). Defendants have failed to show that "the plaintiff *could not possibly recover* against the party whose joinder is questioned," *Mireles*, 845 F. Supp. 2d at 1063—thus, remand is appropriate.

B.      Preemption

Defendants next argue that the Court should deny Plaintiff's Motion because § 301 of the LMRA preempts Plaintiff's seventh, eight, and ninth claims. Section 301 provides:

> Suits for violation of contracts between an employer and a labor
> organization representing employees in an industry affecting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   5:25-cv-01542-MWC-SK | Date: September 8, 2025 |
| Title:   Anthony Lopez v. United Parcel Service *et al.* | |

> commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185.

This portion of the LMRA is jurisdictional, and it has been interpreted as "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)). Congress intended for § 301 to "protect the primacy of grievance and arbitration as the forum for resolving [collective bargaining agreement] disputes and the substantive supremacy of federal law within that forum." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018) (en banc) (emphasis omitted). As a result, § 301 preempts state law claims "founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (quoting *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987)).

The Ninth Circuit relies on a two-step framework to answer § 301 preemption questions ("the *Burnside* test"). First, a court must determine whether the cause of action involves "rights conferred upon an employee by virtue of state law, not by a CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If the rights at issue "exist[] solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id.* But if the right exists independently of the CBA, step two requires the court to "ask whether litigating the state law claim nonetheless requires interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." *Schurke*, 898 F.3d at 921. A claim that requires interpretation of a collective bargaining agreement is preempted, but a claim that merely "look[s] to" a CBA is not. *Burnside*, 491 F.3d at 1059–60; *see Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994) (explaining that "when the meaning of contract terms is not the subject of dispute, the bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished"). "'Interpretation' is construed narrowly; it means something more than 'consider,' 'refer to,' or 'apply.'" *Schurke*, 898 F.3d at 921 (quotation omitted). There must be an active dispute over the meaning of contract terms for § 301 to preempt. *Id.* The Supreme Court has counseled that reliance on the CBA as an aspect of a defense is not enough to "inject[] a federal question into an action that asserts what is plainly a state-law claim." *See Caterpillar*, 482 U.S. at 398–99 (explaining that "the plaintiff is the master

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:25-cv-01542-MWC-SK | Date: September 8, 2025 |
| Title: Anthony Lopez v. United Parcel Service *et al.* | |

of the complaint," and that if the defendant could engineer "the forum in which the claim shall be litigated" based on the substance of his defense, "the plaintiff would be master of nothing").

      *i.*      *Plaintiff's Seventh and Eighth Causes of Action*

Plaintiff's seventh cause of action is for an unlawful medical inquiry in violation of FEHA, and his eighth is for a violation of Cal. Labor Code § 432.6 and Cal. Gov. Code § 12953 based on an allegation that UPS forced him to waive his rights under FEHA. *Compl.* ¶¶ 86–101. Because the parties analyze these claims together for purposes of § 301 preemption, the Court will do the same.

      *a.*      *First* Burnside *Prong*

Defendants first argue that § 301 preempts these claims under the first prong of the *Burnside* test because FEHA "does not protect medical marijuana use or prohibit any acts of the employer based on medical marijuana use," meaning that "Plaintiff's claim that UPS did not have reasonable cause to require Plaintiff to undergo a drug test arises solely from the CBA." *Opp.* 12. Defendants point to a regulation stating:

> (A) Current Drug Use. An applicant or employee who currently engages in the use of illegal drugs or uses medical marijuana is not protected as a qualified individual under the FEHA when the employer acts on the basis of such use, and questions about current illegal drug use are not disability-related inquiries.

Cal. Code Regs. tit. 2, § 11071(d)(2)(A).

Plaintiff counters that FEHA's regulation of medical marijuana use specifically is not dispositive—rather, FEHA "makes it unlawful to subject an employee to a medical inquiry . . . as a condition of continued employment unless the inquiry is job-related and necessary for determining an employee's fitness." *Mot.* 12. In other words, because FEHA protects against unlawful medical inquiries and disability discrimination, Plaintiff argues that his causes of action fall squarely under FEHA. *Id.* 13. "At the heart of Plaintiff's allegations is the proposition that Defendant's motivation behind the drug test was discriminatory . . . ." *Reply* 9.

The answer to this question turns on whether UPS was "act[ing] on the basis of" medical marijuana use, Cal. Code Regs. tit. 2, § 11071(d)(2)(A), rather than on the basis of Plaintiff's disability. Defendants' argument that Plaintiff's medical marijuana use exempts it from FEHA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01542-MWC-SK                                    Date: September 8, 2025

Title:      Anthony Lopez v. United Parcel Service *et al.*

begs the question—Plaintiff contends that UPS was acting on the basis of his disability, not his medical marijuana use. *See* Reply 9. By Defendants' logic, an employer could shield its discriminatory motives—and kick out FEHA claims—with a *post hoc* justification that it sought out drug use, even if it had no basis for doing so and simply got lucky with its findings. Though there is no case law answering this specific question, the available precedent counsels in favor of denying preemption. *See Morris v. Pac.*, No. 2:20-cv-01291 WBS CKD, 2020 WL 6526248, at *6 (E.D. Cal. Nov. 5, 2020) (denying preemption when plaintiff alleged that "specific drug tests he was required to take were pretexts used by defendant to retaliate against him for complaining about discrimination and harassment"); *cf. Espindola v. Wismettac Asian Foods, Inc.*, No. 21-55534, 2022 WL 2287437, at *2 (9th Cir. June 24, 2022) (reversing grant of summary judgment on disability discrimination FEHA claim when plaintiff failed a drug test but alleged sufficient facts suggesting that the drug test was pretextual); *Lockhart v. Wal-Mart Stores, Inc.*, No. 13-CV-1919-MMA (KSC), 2014 WL 12570905, at *4 (S.D. Cal. Apr. 21, 2014) (identifying that plaintiff failed to state a FEHA discrimination claim based on termination due to failed drug test because he alleged no facts that defendant was aware of his disability).

Whether UPS was acting on the basis of suspected drug use or due only to Plaintiff's disability goes to the heart of the merits, and the Court will not make that determination here. But since the Court must resolve all doubt against removability, *Luther*, 533 F.3d at 1034, it accepts Plaintiff's argument for purposes of deciding the Motion and finds that Plaintiff's seventh and eighth causes of action are based on "rights conferred upon an employee by virtue of state law, not by a CBA," *Burnside*, 491 F.3d at 1059.

        b.      *Second* Burnside *Prong*

The Court must next analyze "whether litigating the state law claim nonetheless requires interpretation of a CBA . . . ." *Schurke*, 898 F.3d at 921. Defendants contend that because "Plaintiff's claims challenge the substance of the drug testing requirement," the Court must "interpret provisions of the CBA setting forth the circumstances in which drug testing is permissible." Opp. 12–13. Plaintiff does not disagree that preemption applies "when challenging . . . (1) [the] results of a drug test, (2) the procedures used in collecting and testing the sample, or (3) grievances challenging the drug testing procedures . . . ." Reply 9. But Plaintiff argues that his allegations focus only on Defendant's motivation to conduct the drug test, "not that the manner it was carried out was somehow in violation of the CBA." *Id.*

Plaintiff's argument is more consistent with applicable precedent. Plaintiff's discrimination claims "turn on defendants' motives, rather than [his] contractual rights." *Schrader v. Noll Mfg. Co.*, 91 Fed. Appx. 553, 555 (9th Cir. 2004) (quoting *Ramirez v. Fox Television Station*, 998 F.2d 743, 749 (9th Cir. 1993)). In *Schrader*, the plaintiff brought an age

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01542-MWC-SK                                      Date: September 8, 2025

Title:     Anthony Lopez v. United Parcel Service *et al.*

and disability discrimination suit under FEHA based on the allegation that his employer used drug testing as a pretext to discriminate against him.  *Id.* at 554.  Though the defendants attempted to utilize the terms of the CBA to rebut plaintiff's claim that defendants applied the drug testing requirement in a discriminatory fashion, the Ninth Circuit determined that "the need to interpret the terms of the CBA d[id] not 'inhere' in the nature of his claim."  *Id.* at 555 (referencing *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc)).  *Schrader* is not alone in drawing this conclusion.  In *Stearns v. Davis Wire Corp.*, the defendant argued, *inter alia*, that the dispute required interpretation of what constituted proper cause under the CBA to justify a drug test.  No. 2:16-cv-02401-CAS(MRWx), 2016 WL 3008167, at *7 (C.D. Cal. May 23, 2016).  The *Stearns* court likewise identified that the defendant was utilizing the CBA as a defense to plaintiff's claim of wrongful discharge and rejected preemption accordingly.  *Id.*  With no shortage of examples, it is apparent that the Ninth Circuit has "consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by § 301."  *Schrader*, 91 Fed. Appx. at 555 (collecting cases).

Defendants also argue that "[t]he CBA specifically provides that any dispute regarding the drug testing provisions of the CBA are to be resolved via the dispute resolution process set forth in the CBA."  *Opp.* 14.  But reliance on the CBA as an aspect of a defense is not enough to "inject[] a federal question into an action that asserts what is plainly a state-law claim."  *See Caterpillar*, 482 U.S. at 398–99; *see also Salgado v. Int'l Bhd. of Boilermakers, Iron Ship Builders Blacksmiths, Forgers and Helpers/LDG No. 92*, No. EDCV 18-1927-GW(SHKx), 2018 WL 6062315, at *5 (C.D. Cal. Nov. 19, 2018) (stating that "the mere existence of a grievance[] procedure in a CBA is not enough to lead to complete preemption under the LMRA.").

Defendants' authority does not save it.  In *Davis v. ABM Industries, Inc.*, the Ninth Circuit determined that § 301 preempted plaintiffs' state law claims under the second prong of the *Burnside* test because "CBA-conferred seniority rights [were] the cause of plaintiffs' losses and [were] at the core of plaintiffs' claim."  No. 22-55059, 2022 WL 17716328, at *1 (9th Cir. Dec. 15, 2022).  By contrast, Plaintiff here does not contend that Defendants deprived him of a right that the CBA conferred—instead, he argues that Defendants violated his rights under FEHA, without reference to the CBA.  Similarly, in *Armstrong v. WB Studio Enterprises, Inc.*, the district court held that § 301 preempted the plaintiff's FEHA claims because determining the plaintiff's qualification for employment required interpretation of the CBA.  No. 2:19-cv-09587-GW (JPRx), 2020 WL 1967566, at *4 (C.D. Cal. Apr. 24, 2020).  But the posture of *Armstrong* differed since the central claim was that the defendant wrongfully failed to hire him, *id.*, whereas here, Plaintiff's qualifications are not inhered to his claims.  Rather, UPS already employed Plaintiff when he reported his disability—the same disability that Plaintiff argues was the motivation for his drug test and resulting termination.  *See Ibarra v. Toyota Logistics Servs., Inc.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01542-MWC-SK                                                         Date: September 8, 2025

Title:        Anthony Lopez v. United Parcel Service *et al.*

No. 2:23-cv-03170-FLA (MARx), 2024 WL 1356660, at *3 (C.D. Cal. Mar. 29, 2024) (distinguishing *Armstrong* by noting that "[h]ere, in contrast, it is undisputed Plaintiff was employed by Defendant when he reported the disability alleged. Unlike in *Armstrong*, a determination of Plaintiff's rights under the FEHA would not require interpretation of the CBA."). Like many of the cases that preceded it, the Complaint does not rely on terms of the CBA, so § 301 does not preempt Plaintiff's claims.

        *ii.*       *Plaintiff's Ninth Cause of Action*

Defendants' final argument is that the first prong of the *Burnside* analysis results in § 301 preempting Plaintiff's ninth cause of action. Since that claim is based on Cal. Labor Code §§ 226.7 and 512, *see generally Compl.*, Defendants highlight that § 512 "expressly exempts from its terms certain employees who are subject to qualifying CBAs," *Opp.* 10. Defendants note that among those exemptions are "commercial drivers" if those employees' CBA provides for:

> [T]he wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

*Id.* (citing Cal. Labor Code § 512(e)–(f)).

Defendants' argument necessarily requires that Plaintiff be a "commercial driver," a showing that Defendants have failed to make. To be sure, the Complaint references driving as part of Plaintiff's role at UPS. *See Compl.* ¶ 25. But many jobs include driving, and the definition of a "commercial driver" is specific—a "commercial driver" for purposes of Cal. Labor Code § 512 is one who operates a "commercial motor vehicle," which is "described in Section 260 or 462 of, or subdivision (b) of Section 15210 of, the Vehicle Code." Cal. Labor Code § 512(g)(1). The definition of a "commercial vehicle" in § 260 refers to uses of the vehicle for transportation of property, Cal. Veh. Code. § 260(a), while § 462 concerns "paratransit vehicle[s]," Cal. Veh. Code § 462. Section 15210(b) delineates "any vehicle or combination of vehicles that requires a class A or class B license, or a class C license with an endorsement issued pursuant to" portions of Cal. Veh. Code § 15278. Cal. Veh. Code § 15210(b)(1); *see also Shwiyat v. Martin Marietta Materials, Inc.*, No. 3:23-cv-00283-JSC, 2023 WL 8811809, at *5 (N.D. Cal. Dec. 20, 2023). Defendants merely operate on the assumption that Plaintiff is a commercial driver, *see Opp.* 10–11, without carrying their burden to prove that he has a commercial driver's license or qualifies as a commercial driver in any other way. *See Moore-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:25-cv-01542-MWC-SK                                    Date: September 8, 2025

Title:    Anthony Lopez v. United Parcel Service *et al.*

*Thomas*, 553 F.3d at 1244 ("[A]ny doubt about the right of removal requires resolution in favor of remand."). As such, § 301 does not preempt Plaintiff's ninth cause of action.

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and remands the case to San Bernadino County Superior Court.

**IT IS SO ORDERED.**

                                                                                          :
                                                            **Initials of Preparer**   TJ